1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES S. JONES, III, | ) | Case No. CV 15-2894-SP |
| Petitioner, | ) ) | **MEMORANDUM OPINION AND** |
| v. | ) ) | **ORDER GRANTING MOTION** **TO DISMISS** |
| | ) | |
| ROBERT FOX, Warden, | ) ) | |
| Respondent. | ) ) | |
| | ) | |

**I.**

**INTRODUCTION**

On April 17, 2015, petitioner James S. Jones filed a Petition for Writ of

Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition").

Petitioner challenges his 2003 convictions in Los Angeles County Superior Court

on assault, shooting, and firearm charges, and the resulting twenty-one-year

sentence he ultimately received in 2005.

On August 19, 2015, respondent filed a Motion to Dismiss the Petition,

asserting the Petition is barred by the one-year statute of limitations set forth in the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

1

§ 2244(d)(1), and that the Petition contains unexhausted grounds.  On January 4, 2016, petitioner filed an Opposition to the Motion to Dismiss, and a notice of his voluntary dismissal of the unexhausted grounds.

For the reasons discussed below, the court finds the Petition is untimely.  As such, the court grants the Motion to Dismiss.

## II.

## PROCEEDINGS

### A.    State Court Proceedings

On September 23, 2003, following a bench trial, petitioner was convicted of two counts of assault with a machine gun (Cal. Penal Code § 245(a)(3)), one count of shooting at an inhabited dwelling (Cal. Penal Code § 246), two counts of shooting at an unoccupied motor vehicle (Cal. Penal Code § 247(b)), and one count of possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)), as well as firearm enhancements (Cal. Penal Code § 12022.53(b)).  Lodged Doc. No. 1.  Petitioner was sentenced to a total of twenty-three years in prison.  *Id.*

Petitioner, represented by counsel, appealed his convictions and sentence. *See* Lodged Doc. No. 2.  Petitioner raised claims of insufficient evidence and sentencing error.  *Id.*  On December 17, 2004, the Court of Appeal remanded the case to correct the sentence on two of the counts and for resentencing on one of the assault counts, and otherwise affirmed the judgment.  *Id*.

Both petitioner and respondent filed petitions for review in the California Supreme Court.  Lodged Doc. Nos. 3-4.  Petitioner again raised sufficiency of the evidence arguments, and respondent requested the California Supreme Court to grant review and hold the matter pending the resolution of two cases presenting the same sentencing issues raised on appeal.  *See id*.  On March 2, 2005, the California Supreme Court denied petitioner's petition for review but granted respondent's petition for review, deferring further action until disposition of a

related issue in two cases before it.  Lodged Doc. No. 5.  On September 7, 2005, the California Supreme Court transferred the matter to the Court of Appeal, directing it to vacate its decision and to reconsider the appeal in light of *People v. Black*, 35 Cal. 4th 1238, 113 P.3d 534, 29 Cal. Rptr. 3d 740 (2005).[1]  Lodged Doc. No. 6.

The Court of Appeal, on October 14, 2005, again affirmed the convictions and remanded the case to correct the sentences on the assault counts to reflect a term of six years on the enhancements.  Lodged Doc. No. 7.

The Superior Court corrected petitioner's sentence, reducing it to a total of twenty-one years, on December 21, 2005.  Lodged Doc. No. 8 at 7-8.

More than six years later, on April 16, 2012, petitioner filed a habeas petition in the Superior Court.  *Id.* at 9.  On May 14, 2012, the Superior Court denied the habeas petition on the grounds that it failed to show a prima facie case for relief and for failure to raise the issues on appeal.  *Id*.

Petitioner filed a second habeas petition in the Superior Court on November 1, 2012.  *Id*.  On November 16, 2012, the Superior Court denied the second petition on the same grounds as the first.  *Id*. at 9-10.

Petitioner filed a habeas petition in the Court of Appeal on May 15, 2013, raising two insufficient evidence arguments.  Lodged Doc. No. 9.  On May 31, 2013, the Court of Appeal denied the habeas petition on the ground that issues resolved on appeal will not be reconsidered on habeas corpus.  Lodged Doc. 10.

---

[1]  The United States Supreme Court, in *Black v. California*, 549 U.S. 1190, 127 S. Ct. 1210, 167 L. Ed. 2d 36 (2007), vacated and remanded by *Black*, 35 Cal. 4th 1238 in light of its decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

1

## B.    Federal Court Proceedings

2      Shortly after the Superior Court resentenced petitioner, petitioner filed an

3 "Affidavit for Extension of Time" in this court on January 31, 2006 in case

4 number CV 06-576-GHK (AN).  Petitioner indicated he was aware of the one-year

5 statute of limitations for a federal habeas petition under AEDPA, stated he

6 believed the AEDPA limitation period would expire on March 1, 2006 in his case,

7 and requested a thirty-day extension of time to file a federal habeas petition under

8 28 U.S.C. § 2254.  *See* No. CV 06-576, docket item no. 3.  This court found the

9 "Affidavit" did not constitute a habeas petition because it did not raise any federal

10 habeas claims.  *Id.*  Accordingly, on February 9, 2006, the court denied the request

11 for extension of time and dismissed the case without prejudice, noting it had no

12 power to grant relief because there was no habeas petition pending.  *Id.*

13      More than nine years later, on April 17, 2015, petitioner filed the instant

14 Petition in this case.  As filed, the Petition raised five grounds for relief: (1)

15 insufficient evidence of guilt; (2) insufficient evidence of use of an assault

16 weapon; (3) actual innocence; (4) request for a stay to exhaust his actual

17 innocence claim; and (5) the sentence was unconstitutional.  Pet. at 5-6, 12-32.

18      With the Petition, petitioner filed a Request for Equitable Tolling, arguing

19 he is entitled to equitable tolling of the AEDPA limitation period due to his mental

20 illness.  The court denied the request for equitable tolling without prejudice on

21 April 23, 2015.  The court found the mental health records petitioner submitted do

22 not show petitioner suffered from a mental illness that rendered him unable to file

23 or understand the need to timely file a habeas petition, nor do they show petitioner

24 suffered from any mental illness prior to 2008.  Even so, the court concluded it

25 could not determine on the record before it whether petitioner is entitled to

26 equitable tolling.  The court also noted ground four of the Petition is in fact a stay

27 request, which petitioner sought so he could exhaust at least one of his

28

1   unexhausted claims.  Thus, in a separate order issued April 23, 2015, the court
2   ordered respondent to respond to petitioner's stay request.

3   Respondent opposed the stay request on May 11, 2015.  Petitioner filed a
4   reply in support of his stay request on June 11, 2015.  The court denied the stay
5   request in a June 26, 2015 order.  In the same order the court denied petitioner's
6   June 4, 2015 request for reconsideration of the equitable tolling denial, stating it
7   would not reconsider its decision based on facts petitioner could have presented in
8   initially requesting equitable tolling.  But the court informed petitioner that if
9   respondent moves to dismiss the Petition as untimely, petitioner may raise these
10  and any other facts or evidence he wishes to presents in opposition to such a
11  motion.

12  Respondent filed a Motion to Dismiss the Petition on August 19, 2015.  The
13  Motion to Dismiss contends the Petition was filed well after the AEDPA limitation
14  period.  It further contends the Petition is a "mixed" petition containing both
15  exhausted and unexhausted grounds for relief.  In particular, respondent asserted
16  grounds three and five were unexhausted, and ground four – the stay request – is
17  not a proper ground for habeas relief.

18  Before opposing the Motion to Dismiss, petitioner twice requested and was
19  granted extensions of time to allow him to obtain his prison mental health records
20  to support his equitable tolling argument.  Petitioner ultimately asked the court to
21  order respondent to provide such records.  The court granted this request, and on
22  December 2, 2015, respondent lodged petitioner's mental health records under
23  seal.

24  Petitioner then filed his Opposition to the Motion to Dismiss on January 4,
25  2016.  At the same time, petitioner filed a notice of his voluntary dismissal of
26  unexhausted grounds three and five.

27

28

# III.

# DISCUSSION

## A.   The Petition Is Time-Barred Under AEDPA's One-Year Statute of Limitations

Respondent argues the Petition is untimely because it was filed more than eight years after the statute of limitations had run.  The court agrees.

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends.  By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1   28 U.S.C. § 2244(d)(1).  Ordinarily, the starting date of the limitation period is the

2   date on which the judgment becomes final after the conclusion of direct review or

3   the expiration of the time allotted for seeking direct review.  *See Wixom v.*

4   *Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

5        AEDPA may also allow for statutory tolling or equitable tolling.  *Jorss v.*

6   *Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).  But "a court must first determine

7   whether a petition was untimely under the statute itself before it considers whether

8   equitable [or statutory] tolling should be applied."  *Id*.

9        Here, the Superior Court corrected petitioner's sentence on December 21,

10  2005.  *See* Lodged Doc. No. 8 at 7-8.  Because petitioner did not appeal the

11  corrected sentence, the judgment became final sixty days later, on February 19,

12  2006.  *See* Cal. R. Ct. 8.308(a).[2]  Accordingly, the one-year AEDPA limitation

13  period expired on February 19, 2007.  The Petition is therefore untimely absent

14  sufficient statutory or equitable tolling.

15  **B.    Petitioner Is Not Entitled to Statutory Tolling**

16       Petitioner concedes the statute of limitations expired on February 19, 2007,

17  and he does not argue he is entitled to statutory tolling.  And he is not.

18       Statutory tolling is available under AEDPA during the time "a properly filed

19  application for State post-conviction or other collateral review with respect to the

20  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *accord Evans v.*

21  *Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v.*

22  *Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  But "in order to qualify for

23  statutory tolling during the time the petitioner is pursuing collateral review in the

24  state courts, the prisoner's state habeas petition must be constructively filed

25  *before*, not after, the expiration of AEDPA's one-year limitations period."

26  *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004).

27

28       [2]   Formerly Cal. R. Ct. 30.1(a).

1    Here, the judgment became final on February 19, 2006, and the AEDPA

2    limitation period expired on February 19, 2007.  Petitioner did not file his first

3    state habeas petition until April 16, 2012, more than five years after the statute of

4    limitations expired.  As such, he is not entitled to statutory tolling.  *See Johnson*,

5    310 F. Supp. 2d at 1125; *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

6    2001) (petitioner not entitled to statutory tolling for state habeas petition filed

7    "well after the AEDPA statute of limitations ended").

8    **C.**   **Petitioner Is Not Entitled to Equitable Tolling**

9    Petitioner does contend he is entitled to equitable tolling, because

10   extraordinary circumstances prevented him from filing the Petition earlier.

11   Specifically, petitioner alleges he suffers from mental disorders, including

12   depression, adjustment disorder, and anxiety, which made it impossible for him to

13   file the Petition before the limitation period expired.  Opposition at 2-8.

14   The United States Supreme Court has decided that "§ 2244(d) is subject to

15   equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 644,

16   130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  Tolling is appropriate when

17   "extraordinary circumstances" beyond a petitioner's control make it impossible to

18   file a petition on time.  *Id.* at 649; *see Miranda v. Castro*, 292 F.3d 1063, 1066

19   (9th Cir. 2002) ("'the threshold necessary to trigger equitable tolling [under

20   AEDPA] is very high, lest the exceptions swallow the rule'" (citation omitted and

21   brackets in original)).  "When external forces, rather than a petitioner's lack of

22   diligence, account for the failure to file a timely claim, equitable tolling of the

23   statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107

24   (9th Cir. 1999).

25   A petitioner seeking equitable tolling must establish two elements:  "(1) that

26   he has been pursuing his rights diligently, and (2) that some extraordinary

27   circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.

28

Ct. 1807, 161 L. Ed. 2d 669 (2005).  Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Here, petitioner contends his failure to timely file is due to his mental illness.  But petitioner fails to establish that he was pursuing his rights diligently and that he suffered from a mental illness during the relevant period, much less that it constituted an extraordinary circumstance.

The Ninth Circuit has established a two-part test a petitioner must meet in order to establish a basis for equitable tolling arising from a mental illness. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).  First, the illness must be shown to be an extraordinary circumstance beyond his control, which requires that either the petitioner was unable "rationally or factually to personally understand the need to timely file," or was unable "personally to prepare a habeas petition and effectuate its filing." *Id.*  Second, the petitioner must show diligence in pursuing claims "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." *Id.* at 1100.  In practice, this standard requires a district court to engage in a four-step analysis:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

1  *Id.* at 1100-01.

2      Beginning with steps one and two of the analysis, the court must determine

3  whether petitioner here has made a non-frivolous showing of a severe mental

4  impairment, and whether he was in fact mentally impaired.  Prison medical records

5  reveal that petitioner first presented with symptoms of depression in December

6  2008.[3]  Indeed, on January 3, 2007 and March 7, 2007, a clinician from the

7  Institutional Classification Committee evaluated petitioner and determined

8  petitioner did not require mental health treatment.  But in a treatment note dated

9  December 12, 2008, prison medical staff stated petitioner presented with

10  dysthymic disorder, was feeling depressed due to many deaths in his family and

11  the time he has to worry about his family since he was moved to a single cell, and

12  his mental status examination results met the criteria for inclusion in the mental

13  health treatment population.  Petitioner reported in the same treatment note that he

14  had never previously received mental health services, and he had not needed such

15  services while he had a cellmate to talk to.  In a mental health evaluation dated

16  September 28, 2009, prison physicians noted petitioner was depressed but did not

17  prescribe medication.  At some subsequent point, prison medical staff prescribed

18  medication, which, at least in 2013, petitioner routinely refused to take.  Petitioner

19  continues to be treated for depression with medication.

20      The records plainly reflect petitioner did not begin to suffer from a mental

21  impairment until December 2008, almost twenty-two months after the statute of

22

23  _____

24      [3]   As noted above, respondent lodged petitioner's prison medical records
   under seal.  As such, the court will endeavor to limit its references to the

25  confidential medical information in the records except as necessary to explain its
   decision, and as fairly put at issue by the nature of petitioner's request for

26  equitable tolling.  In addition, the court notes the pages of lodged medical records
   are unnumbered.  To the extent possible the court refers to the specific document

27  being discussed by description.

28

1   limitations had run.  Thus, petitioner cannot satisfy step one of the analysis
2   because he did not suffer from a mental impairment during the relevant period.
3   Moreover, the record indicates that during the relevant period, petitioner
4   understood he had a one-year statute of limitations period to file a federal habeas
5   petition.  Petitioner was able, in January 2006, to file an "Affidavit for Extension
6   of Time" in this court, in which he indicated he was aware that the statute of
7   limitations would expire shortly.  In other words, even assuming petitioner was
8   suffering from a severe mental impairment during the relevant period, petitioner
9   was still able to understand that he had a finite amount of time to file a federal
10  habeas petition, and the ability to file one.  Yet after this court denied his first
11  request for an extension of time to file a federal habeas petition in February 2006,
12  petitioner waited more than six years to file his first state habeas petition in April
13  2012, and more than nine years to file the instant federal Petition in April 2015.
14  Simply put, petitioner knew about the limitation period, yet he was not diligent in
15  his efforts to timely file a federal habeas petition.

16      For these reasons, petitioner is not entitled to equitable tolling.

17  **D.    Petitioner Has Not Shown He Is Actually Innocent**

18      In his Opposition, petitioner does not argue for an actual innocence
19  exception to the statute of limitations.  And he voluntarily dismissed ground three
20  from the Petition, which was his actual innocence claim.  Nonetheless, because
21  petitioner raised the issue of actual innocence, the court will briefly consider it.

22      "[A] credible claim of actual innocence constitutes an equitable exception to
23  AEDPA's limitations period."  *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011).
24  "[A]ctual innocence, if proved, serves as a gateway through which a [habeas]
25  petitioner may pass whether the impediment is a procedural bar . . . or . . .
26  expiration of the statute of limitations."  *McQuiggin v. Perkins*, __ U.S. __, 133 S.
27
28

1  Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013).  But "tenable actual-innocence

2  gateway pleas are rare."  *Id.*

3      To establish a gateway claim of actual innocence, petitioner "must show

4  that in light of all the evidence . . . 'it is more likely than not that no reasonable

5  juror would have found petitioner guilty beyond a reasonable doubt.'"  *Carriger v.*

6  *Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (en banc) (quoting *Schlup v. Delo*, 513

7  U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).  A petitioner must

8  establish his factual innocence of the crime, and not mere legal insufficiency.  *See*

9  *Bousley v. U.S.*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

10  "To be credible, such a claim [of actual innocence] requires petitioner to support

11  his allegations of constitutional error with new reliable evidence – whether it be

12  exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

13  physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.

14      Here, petitioner's actual innocence claim is essentially a repetition of his

15  insufficient evidence claim in ground one: that the evidence was insufficient to

16  show he was the person who committed the shooting.  *See* Pet. at 6, 28-29.  In

17  particular, he argues the testimony of the witnesses who testified against him was

18  inconsistent and unreliable, as they were biased against him.  *Id.*  But this is

19  simply an effort by petitioner to reargue the evidence presented at trial.  Crucially,

20  petitioner presents no new evidence that was not presented at trial.  As such,

21  petitioner has failed to establish an actual innocence claim.

22      Accordingly, AEDPA's one-year limitation period expired on February 19,

23  2007, and petitioner is not entitled to statutory or equitable tolling, nor has he

24  shown his actual innocence.  The Petition filed on April 17, 2015 is therefore

25  untimely.

26

27

28

12

## IV.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that respondent's Motion to Dismiss is granted, and Judgment be entered denying the Petition and dismissing this action with prejudice.


DATED: March 25, 2016

_____
SHERI PYM
United States Magistrate Judge

13